IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| MINDY SPIGNER, INDIVIDUALLY, AND A/N/F OF M.S., A MINOR, | § | |
| PLAINTIFFS, | § | C.A. NO. 5:26-cv-124 |
| v. | § | |
| TEXARKANA SPORTS MEDICINE, PLLC; DARIUS F. MITCHELL, III, M.D.; CHRISTUS HEALTH; & CHRISTUS HEALTH ARK-LA-TEX, | § | |
| DEFENDANTS. | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

COMES NOW, Plaintiff Mindy Spigner, Individually, and as Next Friend of M.S., a Minor, and files this, her Original Complaint, against Defendants Texarkana Sports Medicine, PLLC, Darius F. Mitchell, III, M.D., Christus Health, and Christus Health Ark-La-Tex, and respectfully states the following:

## PRELIMINARY STATEMENT

1. Defendant Darius F. Mitchell, III, M.D. stitched M.S.'s nerve during a knee surgery on March 11, 2025. Because of the stitch in her nerve, M.S. developed drop foot and was unable to play sports or participate in her favorite after-school activities. M.S. told Defendant Dr. Mitchell about her drop foot, but Defendant Dr. Mitchell failed to timely assess and treat the nerve damaging stitch. As a result of Defendant Dr. Mitchell's improper stitching and failure to act timely to reverse the drop foot, M.S. continues to lack full function in her leg and foot.

## PARTIES

2. Plaintiff Mindy Spigner is a citizen of the State of Arkansas, domiciled in Ashdown, Little River County, Arkansas. Ms. Spigner is M.S.'s mother and next friend in this matter.

3. Plaintiff M.S. is a minor and citizen of the State of Arkansas, domiciled in Ashdown, Little River County, Arkansas.

4. Defendant Texarkana Sports Medicine, PLLC is a professional limited liability company incorporated under the laws of State of Texas with its principal place of business in Texarkana, Bowie County, Texas. Defendant is a citizen of the State of Texas because its principal member, Darius Mitchell, is a citizen and resident of the State of Texas. It may be served with process by serving its registered agent, Darius F. Mitchell, III, M.D. at 7201 Volga Ave., Texarkana, Texas, 75503, or wherever he may be found.

5. Defendant Darius F. Mitchell, III, M.D. is a physician licensed to practice medicine in the State of Texas. Defendant is a citizen of the State of Texas, domiciled in Texarkana, Bowie County, Texas. He may be served with process at 7201 Volga Ave., Texarkana, Texas, 75503, or wherever he may be found.

6. Defendant Christus Health is a corporation formed under the laws of the State of Texas with its principal place of business in Dallas, Dallas County, Texas. It may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 E. 7th St., Ste. 620, Austin, Texas 78701, or where it may be found.

7. Defendant Christus Health Ark-La-Tex is a corporation formed under the laws of the State of Texas with its principal place of business in Texarkana, Bowie County, Texas. It may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 E. 7th St., Ste. 620, Austin, Texas 78701, or where it may be found.

## JURISDICTION & VENUE

8. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332(a)(1). The amount in controversy exceeds $75,000.00.

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(1) and (2).

## FACTS APPLICABLE TO ALL COUNTS

**"As I was dissecting…the suture appeared to be circumferential around the peroneal nerve. This was a nonabsorbable suture. It was a tethering point around the nerve."**

*Dr. Henry Bone Ellis, Jr., M.D., September 25, 2025*

10. M.S. dreams of becoming a collegiate athlete. Sports are her passion. In February 2025, M.S. injured her right knee in a soccer game. To heal her and get back on the road to her dream, M.S. sought care with Defendant Dr. Mitchell.

11. An MRI performed on February 26, 2025 revealed a tear of the lateral meniscus of M.S.'s right knee.

12. On March 11, 2025, Defendant Dr. Mitchell performed an arthroscopic anterior cruciate ligament reconstruction with autograft BTB right knee on M.S.

13. On that same day, Defendant Dr. Mitchell also performed an arthroscopic lateral meniscal repair inside out.

14. These procedures were performed at Defendant Christus Health Ark-La-Tex on March 11, 2025.

15. Defendant Dr. Mitchell repaired the right knee meniscal tear using the inside out technique.

16. Yet, in repairing the meniscal tear, Defendant Dr. Mitchell placed a non-absorbable suture into the peroneal nerve.

17. While performing the meniscal tear repair on March 11, 2025, Defendant Dr. Mitchell was a member of Defendant Texarkana Sports Medicine, PLLC.

18. Further, while performing the meniscal tear repair on March 11, 2025, Defendant Dr. Mitchell was in the course and scope of his employment and/or agency with Defendant Christus Health.

19. Alternatively, while performing the meniscal tear repair on March 11, 2025, Defendant Dr. Mitchell was in the course and scope of his employment and/or agency with Defendant Christus Health Ark-La-Tex.

20. During the March 11, 2025 procedure, Defendant Dr. Mitchell did not recognize the stitch in the peroneal nerve, and he did not remove the stitch during the procedure.

21. After the surgery, M.S. began experiencing numbness and weakness in her right leg. On March 24, 2025, Defendant Dr. Mitchell noted that M.S.'s "foot is numb, and she is unable to lift it, with burning pain in the area." He also noted that M.S. "cannot raise her leg without assistance and has difficulty moving her toes."

22. Defendant Dr. Mitchell recommended nerve medication and physical therapy for foot drop and muscle strength.

23. From March 2025 until September 3, 2025, M.S. visited Defendant Dr. Mitchell for her foot drop and knee immobility.

24. On July 2, 2025, Defendant Dr. Mitchell reviewed an EMG and noted that there were problems with M.S.'s peroneal nerve.

25. At this point, Defendant Dr. Mitchell recommended continued physical therapy and continued treatment for nerve irritation.

26. Between July 2025 and September 2025, Defendant Dr. Mitchell did not order imaging of M.S.'s right knee.

27. In September 2025, M.S. sought a second opinion. M.S. underwent an MRI which showed possible common peroneal nerve tethering with a tract from the knee joint concerning for possible suture placement through the nerve.

28. On September 25, 2025, Dr. Ellis took M.S. to surgery. There, Dr. Ellis found the suture that had been left behind by Defendant Dr. Mitchell.

29. By removing the suture, Dr. Ellis saved M.S.'s peroneal nerve and set her back on the road to recovery.

**CAUSES OF ACTION AGAINST DEFENDANT MITCHELL**

30. Plaintiffs incorporate the allegations set out in ¶¶ 10-29.

31. Plaintiffs will prove that Defendant failed to carry out his medical responsibilities in accordance with acceptable standards of medical practice, thereby proximately causing injury to Plaintiff M.S. and her resulting damages for which Defendant is liable. Defendant failed to adhere to the requisite medical standards of care in at least the following aspects:

a. Failing to identify and protect the peroneal nerve during the March 11, 2025 procedure;

b. Placing a non-absorbable suture into the peroneal nerve during the March 11, 2025 procedure;

c. Failing to timely order imaging, namely an MRI, to ascertain the cause of M.S.'s foot drop, nerve irritation, and other symptoms following the March 11, 2025 procedure;

d. Failing to timely order EMG studies to ascertain the cause of M.S.'s foot drop, nerve irritation, and other symptoms following the March 11, 2025 procedure;

e. Failing to make timely interventions to resolve M.S.'s foot drop, nerve irritation, and other symptoms following the March 11, 2025 procedure; and

f. Failing to perform the March 11, 2025 surgical procedure with the requisite level of skill and care required of a surgeon on March 11, 2025 in Texarkana, Texas.

32. Each of these acts and omissions, singularly or in combination with others, constitutes negligence which proximately caused the occurrence made the basis of Plaintiffs' action and their injuries and damages.

**CAUSES OF ACTION AGAINST TEXARKANA SPORTS MEDICINE, PLLC**

33. Plaintiffs incorporate the allegations set out in ¶¶ 10-29.

34. Plaintiffs will prove that Defendant, through its agents, employees, officers, and representatives, including Defendant Dr. Mitchell, failed to carry out its medical responsibilities in accordance with acceptable standards of medical practice, thereby proximately causing injury to Plaintiff M.S. and her resulting damages for which Defendant is liable. Defendant failed to adhere to the requisite medical standards of care in at least the following aspects:

a. Failing to identify and protect the peroneal nerve during the March 11, 2025 procedure;

b. Placing a non-absorbable suture into the peroneal nerve during the March 11, 2025 procedure;

c. Failing to timely order imaging, namely an MRI, to ascertain the cause of M.S.'s foot drop, nerve irritation, and other symptoms following the March 11, 2025 procedure;

d. Failing to timely order EMG studies to ascertain the cause of M.S.'s foot drop, nerve irritation, and other symptoms following the March 11, 2025 procedure;

e. Failing to make timely interventions to resolve M.S.'s foot drop, nerve irritation, and other symptoms following the March 11, 2025 procedure; and

f. Failing to perform the March 11, 2025 surgical procedure with the requisite level of skill and care required of a surgeon on March 11, 2025 in Texarkana, Texas.

35. Each of these acts and omissions, singularly or in combination with others, constitutes negligence which proximately caused the occurrence made the basis Plaintiffs' action and their injuries and damages.

**CAUSES OF ACTION AGAINST CHRISTUS HEALTH**

36. Plaintiffs incorporate the allegations set out in ¶¶ 10-29.

37. Plaintiffs will prove that Defendant, through its agents, employees, officers, and representatives, including Defendant Dr. Mitchell, failed to carry out its medical responsibilities in accordance with acceptable standards of medical practice, thereby proximately causing injury to Plaintiff M.S. and her resulting damages for which Defendant is liable. Defendant failed to adhere to the requisite medical standards of care in at least the following aspects:

a. Failing to identify and protect the peroneal nerve during the March 11, 2025 procedure;

b. Placing a non-absorbable suture into the peroneal nerve during the March 11, 2025 procedure;

c. Failing to timely order imaging, namely an MRI, to ascertain the cause of M.S.'s foot drop, nerve irritation, and other symptoms following the March 11, 2025 procedure;

d. Failing to timely order EMG studies to ascertain the cause of M.S.'s foot drop, nerve irritation, and other symptoms following the March 11, 2025 procedure;

e. Failing to make timely interventions to resolve M.S.'s foot drop, nerve irritation, and other symptoms following the March 11, 2025 procedure; and

f. Failing to perform the March 11, 2025 surgical procedure with the requisite level of skill and care required of a surgeon on March 11, 2025 in Texarkana, Texas.

38. Each of these acts and omissions, singularly or in combination with others, constitutes negligence which proximately caused the occurrence made the basis of Plaintiffs' action and their injuries and damages.

**CAUSES OF ACTION AGAINST CHRISTUS HEALTH ARK-LA-TEX**

39. Plaintiffs incorporate the allegations set out in ¶¶ 10-29.

40. Plaintiffs will prove that Defendant, through its agents, employees, officers, and representatives, including Defendant Dr. Mitchell, failed to carry out its medical responsibilities in accordance with acceptable standards of medical practice, thereby proximately causing injury to Plaintiff M.S. and her resulting damages for which Defendant is liable. Defendant failed to adhere to the requisite medical standards of care in at least the following aspects:

a. Failing to identify and protect the peroneal nerve during the March 11, 2025 procedure;

b. Placing a non-absorbable suture into the peroneal nerve during the March 11, 2025 procedure;

c. Failing to timely order imaging, namely an MRI, to ascertain the cause of M.S.'s foot drop, nerve irritation, and other symptoms following the March 11, 2025 procedure;

d. Failing to timely order EMG studies to ascertain the cause of M.S.'s foot drop, nerve irritation, and other symptoms following the March 11, 2025 procedure;

e. Failing to make timely interventions to resolve M.S.'s foot drop, nerve irritation, and other symptoms following the March 11, 2025 procedure; and

f. Failing to perform the March 11, 2025 surgical procedure with the requisite level of skill and care required of a surgeon on March 11, 2025 in Texarkana, Texas.

41. Each of these acts and omissions, singularly or in combination with others, constitutes negligence which proximately caused the occurrence made the basis of Plaintiffs' action and their injuries and damages.

## VICARIOUS LIABILITY

42. At all times mentioned herein and relevant to this action, Defendant Dr. Mitchell was an employee, agent, representative or officer of Defendant Texarkana Sports Medicine, PLLC, Defendant Christus Health, and/or Defendant Christus Health Ark-La-Tex, and was acting within the course and scope of his employment or official duties and in furtherance of the duties of Defendants. Thus, Defendant Texarkana Sports Medicine, PLLC, Defendant Christus Health, and/or Defendant Christus Health Ark-La-Tex are responsible for all damages resulting from the acts and/or omissions of Defendant Dr. Mitchell under the Doctrine of Respondeat Superior.

43. In the alternative, Defendant Dr. Mitchell was a member and/or governing person of Defendant Texarkana Sports Medicine, PLLC during the care provided in this case and at issue, and, therefore, Defendant Texarkana Sports Medicine, PLLC is liable for the actions of its principal officer, Defendant Dr. Mitchell.

## DAMAGES

44. As a direct and proximate result of Defendants' conduct, as set forth above, Mindy Spigner, Individually, is entitled to recover damages as follows:

a. Medical care and expenses in the past for M.S. These expenses were incurred by the Plaintiff for the necessary care and treatment of the injuries complained of herein and such charges were reasonable and usual and customary charges for such services;

b. Medical care and expenses which will, in reasonable probability, be incurred in the future for M.S. prior to the age of 18;

c. Pre-judgment and post-judgment interest;

d. Costs of Court; and

e. Such other and further relief, at law and in equity, to which Plaintiff is justly entitled.

45. As a direct and proximate result of Defendants' conduct, as set forth above, M.S. is entitled to recover damages as follows:

a. Medical care and expenses which will, in reasonable probability, be incurred in the future for herself after the age of 18;

b. Physical pain and suffering in the past;

c. Physical pain and suffering that, in reasonable probability, M.S. will sustain in the future;

d. Physical impairment in the past;

e. Physical impairment that, in reasonable probability, M.S. will sustain in the future;

f. Mental anguish in the past;

g. Mental anguish that, in reasonable probability, M.S. will sustain in the future;

h. Pre-judgment and post-judgment interest;

i. Costs of Court; and

j. Such other and further relief, at law and in equity, to which Plaintiff is justly entitled.

## REQUEST FOR JURY TRIAL

46. Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs make their demand for trial by jury on all issues so triable.

## PRAYER

47. WHEREFORE, PREMISES CONSIDERED, Plaintiff Mindy Spigner, Individually, and as Next Friend of M.S., a Minor requests that the Court award them the following relief against the Defendants above as may be appropriate:

(1) A Judgment awarding actual compensatory damages in an amount in excess of $75,000.00;

(2) Costs of court;

(3) Pre- and post-judgment interest at the highest legal rate allowed by law from the earliest time allowed by law; and

(4) All other relief to which Plaintiffs are justly entitled.

Respectfully submitted,

**SAWICKI LAW**

*/s/ Andy Jones*

**ANDREW A. JONES**
Texas Bar No. 24077910
**MICHAEL G. SAWICKI**
Texas State Bar No. 17692500
6116 N. Central Expressway, Ste. 1400
Dallas, Texas 75206
Telephone: (214) 468-8844
Fax: (214) 468-8845
E-Mail: msawicki@sawickilawfirm.com
E-Mail: ajones@sawickilawfirm.com

**ATTORNEYS FOR PLAINTIFF**